IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN COOK,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| v. | : | NO. 08-393 |
| | : | |
| | : | |
| **JOSEPH PIAZZA, et al.,** | : | |
| **Respondents.** | : | |

## ORDER

**AND NOW**, this 2nd day of June, 2008, after review of the Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells, to which no objections have been filed, it is hereby,

**ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Jonathan Cook currently petitions the Court for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. He claims ineffective assistance of counsel, trial court error and prosecutorial misconduct.

Petitioner was sentenced to life-imprisonment for his conviction of third-degree murder, and to additional terms for his convictions of criminal conspiracy, recklessly endagering another pearson, and possessing an instrument of crime. Petitioner's sentence of life imprisonment was imposed pursuant to 42 Pa.C.S.A. § 9715, which mandates the enhanced penalty when a defendant has previously been convicted of murder or voluntary manslaughter. Petitioner filed a direct appeal to the Pennsylvania Superior Court, which dismissed his Petition on March 27, 2003. He did not seek allocatur from the Pennsylvania Supreme Court. Petitioner thereafter filed a *pro se* petition for relief from the PCRA Court on December 6, 2004 in which his court-appointed counsel filed a "no merit" letter. The PCRA Court dismissed the Petition as untimely on December 16, 2005, which the Pennsylvania Superior Court affirmed August 16, 2006. The current Petition was filed on January 18, 2008.

This Court referred the instant Petition to Magistrate Judge Carol Sandra Moore Wells on March 3, 2008. In a Report and Recommendation dated April 25, 2008, Magistrate Judge Wells recommended that the Petition be denied and dismissed as untimely. Without reaching the merits of the Petition, Magistrate Judge Wells found that Petitioner filed for habeas relief beyond the one year statute of limitations, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241(d)(1), and was thus procedurally time barred from relief. Magistrate Judge Wells found that, even considering the tolling provisions of the AEDPA, Petitioner filed the action three years beyond his deadline under the statute.

Petitioner had one year from the date of final judgment, which became final after the expiration of time allotted to seek direct review, to file his Petition for habeas relief. This time period is tolled during the pendency of timely appeals and PCRA petitions. However, Petitioner's PCRA petition was filed beyond the one year statute of limitations and therefore cannot serve as a basis to toll the AEDPA period because it was itself untimely. Petitioner's judgment became final thirty days after his sentencing, on June 26, 2003. He filed a PCRA petition on December 6, 2004, over one year into his statutory time allotment. He therefore had no time remaining after his

    **ORDERED** that the Petition for Writ of Habeas Corpus [Doc. No. 1], is **DENIED** and **DISMISSED**.

    A Certificate of Appealability **SHALL NOT ISSUE**, as the Petitioner has failed to make a substantial showing that he was denied any Constitutional rights.

    The Clerk of Court is directed to **CLOSE** this case.

    It is so **ORDERED**.

                     **BY THE COURT:**
                      /s/ Cynthia M. Rufe

                      _____
                      **CYNTHIA M. RUFE, J.**

---

PCRA Petition was denied to file for federal habeas relief, which, inconsequentially, he did three years later. Thus, his Petition must be dismissed as untimely and procedurally barred.

  In addition, Magistrate Judge Wells considered the doctrine of equitable tolling as an alternative to relief for Petitioner. She found, however, that Petitioner presented no evidence in support of the exigent circumstances required for relief under this doctrine, nor did he exercise due diligence in asserting his federal rights. Magistrate Judge Wells found that the record was "clearly devoid of factual justification to . . . [convince] this Court that 'rigid application of the statute would be unfair.'" R&R at 6. Thus, Magistrate Judge Wells recommended that the Petition be denied as a matter of procedural default and for lack of equitable merit.

  Petitioner was permitted until May 8, 2008 to file objections to the Report and Recommendation and failed to do so. For these reasons, the Court herein adopts in full Magistrate Judge Wells' sound Report and Recommendation, and denies the Petition for Writ of Habeas Corpus.